PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1941
_____

MARIE BRYAN

v.

GOVERNMENT OF THE VIRGIN ISLANDS
_____

NAOMI CLARKE THOMAS

v.

GOVERNMENT OF THE VIRGIN ISLANDS


Marie Bryan; Naomi Clarke Thomas,
                                    Appellants
_____

On Appeal from the District Court
of the Virgin Islands
(D.V.I. Nos. 3-14-cv-00097 & 3-14-cv-00098)
District Judge: Honorable Curtis V. Gomez
_____

Argued December 13, 2018
Before: CHAGARES, HARDIMAN, and RESTREPO,
*Circuit Judges*.

(Filed: February 19, 2019)

Glen M. Connor
Richard P. Rouco [Argued]
Quinn Conner Weaver Davies & Rouco
2 20th Street North, Suite 930
Birmingham, AL 35203
        *Attorneys for Appellants*

Claude E. Walker
        Attorney General
Pamela R. Tepper
        Solicitor General
Su-Layne U. Walker [Argued]
        Assistant Attorney General
Office of Attorney General of Virgin Islands
Department of Justice
34-38 Kronprindsens Gade
GERS Complex, 2nd Floor
St. Thomas, V.I. 00802
        *Attorneys for Appellee*

HARDIMAN, *Circuit Judge*.

In 2011, facing a severe budget crisis, the Virgin Islands enacted the Virgin Islands Economic Stability Act (VIESA or the Act). *See United Steel Paper & Forestry Rubber Mfg. Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Gov't of Virgin Islands*, 842 F.3d 201, 204 (3d Cir. 2016) (citing 2011 V.I. Sess. Laws 84). VIESA sought to reduce government spending by reducing payroll while continuing to provide necessary public services. *See* 2011 V.I. Sess. Laws 84 pmbl. The Act encouraged some of the Government's most expensive employees (those with at least thirty years of credited service) to retire using a carrot-and-stick approach: VIESA offered $10,000 to each long-tenured employee who chose to retire within three months. *Id.* § 7(a). And those declining to retire had to contribute an additional 3% of their salary to the Government Employees Retirement System (the System) starting at the end of those three months. *Id*. § 7(k). The legality of that 3% contribution requirement is the subject of this appeal.

Appellants Marie Bryan and Naomi Thomas are members of the System with over thirty years of credited service who chose not to retire during the statutory period. They do not object to the $10,000 carrot, but they claim the 3% stick violates federal and territorial laws protecting workers over the age of 40 from discrimination based on their age. We disagree, and hold the provision valid because: (1) it did not

target employees because of their age under the Supreme Court's decision in *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993); (2) its focus on credited years of service entitles the Government to the ADEA's reasonable-factor-other-than-age defense; and (3) the Virgin Islands Supreme Court would deem Section 7(k) consistent with existing territorial anti-discrimination statutes. Accordingly, we will affirm.

I

Essentially all employees of the Government of the Virgin Islands are members of the System. Like many pension plans, the System provides members with a retirement annuity based on their years of service and average salary. To receive credit for years of service, members must regularly contribute a portion of their salary to the System. Thirty years of service entitles a member to retire with a full-service retirement annuity.

On top of the employee contribution, the Government is required by statute to contribute to the System, "which together with the members' contributions and the income of the [S]ystem will be sufficient to provide adequate actuarially determined reserve for the annuities, benefits and administration of [the System]." 3 V.I.C. § 718(f). Since 2007, the Government has contributed 17.5% of employees' compensation per pay period. *Id.* § 718(g).

In 2014, Bryan and Thomas brought separate actions alleging that Section 7(k) violated the Age Discrimination in Employment Act of 1967 (ADEA), the Virgin Islands Civil Rights Act, and the Virgin Islands Discrimination in Employment Act. Their actions were consolidated and the District Court certified a class of similarly situated persons.

The parties presented a stipulated record and agreed to a bifurcated trial so the District Court could address liability first. The Court dismissed the territorial law claims and entered judgment in favor of the Government on the federal claims. This appeal followed.

## II

The District Court had jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 626 over Bryan and Thomas's federal (ADEA) claims, and supplemental jurisdiction under 28 U.S.C. § 1367 over their territorial law claims. We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary because the District Court decided legal questions on a stipulated record. *See, e.g.*, *In re Johns*, 37 F.3d 1021, 1023 (3d Cir. 1994).

## III

We first address the federal claims, which rely on both disparate treatment and disparate impact theories of liability. Although both are cognizable under the ADEA, neither applies here because Section 7(k) reasonably sought to reduce payroll costs and increase the System's solvency based on employees' credited years of service, not age.

## A

To succeed on a disparate treatment claim, a plaintiff must demonstrate "the employee's protected trait actually played a role" and "had a determinative influence on the outcome" of the decisionmaking process that led to the challenged action. *Hazen Paper*, 507 U.S. at 610; *see* 29 U.S.C. § 623(a) ("It shall be unlawful for an employer . . . [to] discriminate against any individual . . . *because of* such

individual's age . . . ." (emphasis added)). In other words, age must have been a but-for cause of the action, and the plaintiff bears the burden of proving so. *Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167, 177, 180 (2009). Accordingly, "there is no disparate treatment under the ADEA when the factor motivating the employer is some feature other than the employee's age." *Hazen Paper*, 507 U.S. at 609. Critical for purposes of this appeal, the Supreme Court has distinguished between age and years of service, concluding that "it is incorrect to say that a decision based on years of service is necessarily 'age based.'" *Id.* at 611; *see also Tomasso v. Boeing Co.*, 445 F.3d 702, 710 n.8 (3d Cir. 2006) (finding a decision to reduce layoff protection for employees based on years of service did not equate to age-based discrimination).

When an employer's action is based on years of service, it does not involve the inaccurate and stigmatizing age-based stereotypes the ADEA intended to address. *Hazen Paper*, 507 U.S. at 611. For that reason, termination based solely on financial considerations related to years of service is not actionable under the ADEA. *See id.* at 612–13. And although an employer may not use a direct proxy for age to discriminate surreptitiously against older workers, an employee's tenure (without more) is not such a direct proxy. *See id.* at 611–13; *cf. Erie Cty. Retirees Ass'n v. Cty. of Erie*, 220 F.3d 193, 211 (3d Cir. 2000) (recognizing Medicare eligibility as a proxy for age because it necessarily follows turning 65).

Here, Bryan and Thomas have not demonstrated that age played a role in the decisionmaking process that led to Section 7(k)'s enactment. VIESA does not discuss age or any stereotypes based on age. Instead, it cites the economic downturn and budgetary shortfall facing the Virgin Islands in 2011. *See* 2011 V.I. Sess. Laws 84 pmbl. And to address that

problem, it targets years of service, not age. *See Hazen Paper*, 507 U.S. at 611.

Bryan and Thomas first argue Section 7(k) facially discriminates based on age. This is a nonstarter because nothing in the statute mentions age. *Cf. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Johnson Controls, Inc.*, 499 U.S. 187, 198–99 (1991) (finding facial discrimination in policy that classified employees "on the basis of gender and childbearing capacity").

Unable to demonstrate facial discrimination, Bryan and Thomas also invoke a proxy theory for age. Since thirty credited years of service implicates only members over 40, they argue, the Government *must have* targeted older workers for the 3% contribution. They also note that some courts have found non-age factors that always correlate with age satisfy the ADEA's "because of age" requirement. *See, e.g.*, *Hilde v. City of Eveleth*, 777 F.3d 998, 1006 (8th Cir. 2015) (addressing retirement eligibility that depended on an employee reaching age fifty); *Erie Cty. Retirees Ass'n*, 220 F.3d at 211 (addressing Medicare eligibility as age-dependent). But while it is true that every Government employee with thirty years of service is over 40 (because the Government does not hire nine-year-olds), Bryan and Thomas point to nothing in the record to establish that all System members in the protected class have achieved thirty years of credited service. Nor does the record suggest that the Government used thirty years of credited service as a proxy for age.[1] So this is not the "special case"

---

[1] Rather than point to such evidence, Bryan and Thomas claim a former Government Director of Personnel's testimony in another case establishes cost savings could *not* have been a

where a direct proxy could be masquerading as a factor other than age. *Hazen Paper*, 507 U.S. at 613.

In sum, because Section 7(k) was motivated by factors other than age—factors that are not direct proxies for age—it does not violate the ADEA's bar on disparate treatment.

B

We turn next to the disparate impact claim. Such claims challenge facially neutral employment practices "that in fact fall more harshly on one group than another." *Hampton v. Borough of Tinton Falls Police Dep't*, 98 F.3d 107, 112 (3d Cir. 1996) (quoting *Hazen Paper*, 507 U.S. at 609). Disparate impact claims do not require proof of discriminatory motive like disparate treatment claims. *Id.* But the Supreme Court has held that disparate impact liability under the ADEA "is narrower than under Title VII," in large part because of the

---

reason for the 3% contribution. Even if that were so, it does not follow that age *was* a but-for reason. But more importantly, it's not so. Using the increased contribution to encourage employees to retire from the Government payroll directly reduces costs as those retirees cease to draw Government salaries and begin to draw pensions from the System. Additionally, requiring employees who get more out of the System to pay more into the System contributes to its solvency. Although the contribution does not result in direct cost-savings for the Government because the System is a separate fisc, the 3% contribution does lower costs for that System—to which the Government must contribute directly to prevent insolvency. And it directly reduces payroll costs by increasing employee turnover.

ADEA's reasonable-factor-other-than-age (RFOA) affirmative defense. *Smith v. City of Jackson*, 544 U.S. 228, 240 (2005); *see* 29 U.S.C. § 623(f)(1).[2]

A reasonable, non-age factor that explains an employer's decision therefore precludes disparate impact liability, *Smith*, 544 U.S. at 239, and the burden is on the employer to demonstrate the factor's reasonableness, *Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 91 (2008). Reasonableness does not require "that 'there are no other ways for the employer to achieve its goals.'" *Karlo v. Pittsburgh Glass Works, LLC*, 849 F.3d 61, 70 (3d Cir. 2017) (alteration omitted) (quoting *Smith*, 544 U.S. at 243). In fact, we have described the burden to demonstrate reasonableness as "relatively light." *Id.* at 80.

Particularly relevant examples of RFOAs include "seniority and rank," *Smith*, 544 U.S. at 242, preserving employees' eligibility for a supplemental insurance plan, *Carson v. Lake Cty.*, 865 F.3d 526, 536–37 (7th Cir. 2017), and "lowering overall employee costs by increasing turnover,"

---

[2] The Government does not also assert a "bona fide employee benefit plan" defense. *See* 29 U.S.C. § 623(f)(2). Bryan and Thomas argue that Section 7(k) does not satisfy the "equal benefit or equal cost rule" of Section 623(f)(2)(B), but that is beside the point. That rule provides an exception to an affirmative defense the Government does not assert, not a standalone ground for liability. *See Am. Ass'n of Retired Persons v. E.E.O.C.*, 489 F.3d 558, 561–62 (3d Cir. 2007) (referring to the ADEA's equal benefit or equal cost *defense*). So even assuming Section 7(k) "violates" the rule, it does not bear on the Government's liability here.

*Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 405 (6th Cir. 2008) (alteration omitted).

Because Section 7(k)'s cost-savings justification was reasonable, the Government is entitled to the RFOA defense. As we noted, the additional 3% contribution reasonably resulted in cost savings to the Government by increasing both employee turnover and the System's solvency. *See supra* note 1. Even though it falls disproportionately on older employees, the action reasonably targets long-tenured employees with higher salaries—not all older workers—to encourage them to retire from the Government payroll and to pay more into the pension system. That suffices to meet the defense's relatively light burden and stave off the disparate impact claim.

IV

We turn last to the territorial law claims. Because the Supreme Court of the Virgin Islands has not yet interpreted the Virgin Islands Civil Rights Act (VICRA) or the Virgin Islands Discrimination in Employment Act (VIDEA) as to age discrimination, our task is "to predict how the Supreme Court of the Virgin Islands would decide" the issue. *Edwards v. HOVENSA, LLC*, 497 F.3d 355, 360–61 (3d Cir. 2007). We agree with the District Court that the Virgin Islands Supreme Court is unlikely to hold that VIESA violated VICRA or VIDEA for two reasons.

First, we expect the Virgin Islands Supreme Court would try to harmonize the three statutes if at all possible. *See Virgin Islands Taxi Ass'n v. W. Indian Co., Ltd.*, 66 V.I. 473, 484–85 (2017). The Court presumes that when the legislature enacts a new law, the law is intended to operate in harmony with existing statutes because it deems the legislature to have

10

knowledge of existing law when it legislates. *Haynes v. Ottley*, 61 V.I. 547, 566–67 (2014). So the Court strives to give effect to multiple statutes on the same subject "unless doing so would be impossible." *Id.*

There is no conflict among the three statutes if, as with federal law, they are read to mean that targeting years of service alone does not constitute age-based discrimination under VICRA or VIDEA. We do not suppose the Court would find that VIESA repealed parts of VICRA or VIDEA by implication, because such repeals are generally disfavored. *Simmonds v. People*, 59 V.I. 480, 499 (2013). And invalidating the more recent and more specific Section 7(k) (for violating a statute already on the books when it was enacted) would run contrary to the Court's typical approach to statutory interpretation. *See Haynes*, 61 V.I. at 564. So harmonizing the statutes is not only possible, but practical as well.

Second, for the reasons discussed already regarding the federal claims, the Virgin Islands statutes' bar on discrimination "because of age," 10 V.I.C. § 64(1)(a), is unlikely to apply to Section 7(k)'s distinction based on credited years of service. Beyond the distinction between age and years of service in *Hazen Paper*, by enacting VIESA, the Virgin Islands legislature was responding to a crisis that threatened the welfare of all of the Territory's residents, young and old. It therefore acted because of several reasons, none of them age.

For these reasons, we perceive no error in the District Court's dismissal of Bryan and Thomas's territorial law claims.

11

\* \* \*

Although other reasonable measures could have also achieved the Government's cost-saving goals, we do not second-guess an employer's choice among reasonable, nondiscriminatory alternatives. *See Karlo*, 849 F.3d at 84. Requiring that long-tenured employees who declined to retire contribute 3% more of their salaries to the pension system each year was reasonably related to maintaining the System's solvency and it did not discriminate based on age. We will thus affirm the District Court in all respects.