**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2112

_____

XU FENG,
Appellant

v.

UNIVERSITY OF DELAWARE

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-16-cv-00664)
Honorable Eduardo C. Robreno, U.S. District Judge

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 12, 2021

Before: AMBRO, KRAUSE, and PHIPPS, *Circuit Judges*

(Opinion filed:  January 29, 2021)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Xu Feng appeals the District Court's grant of summary judgment in favor of the University of Delaware on his claim that the University discriminated against him on the basis of his national origin in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d.[1]  For the following reasons, we will affirm.

**A.     Discussion**[2]

Feng, a Chinese national, enrolled in a graduate program at the University and elected to take classes in person, which required an F-1 visa.  To obtain that visa, he had to "pursue a full course of study," 8 U.S.C. § 1101(a)(15)(F)(i), which the University has defined for over 30 years to mean full-time enrollment, or nine credit hours for graduate students.  Feng "enroll[ed] in three courses instead of one" to satisfy this requirement, but his academic "performance plummeted, and he was eventually expelled from the program" for failing to maintain the minimum 2.0 GPA required by the University to remain in good academic standing.  *Feng v. Univ. of Del.*, 785 F. App'x, 53, 55 (3d Cir. 2019).  Feng makes several arguments why the nine-credit requirement is discriminatory, but we agree with the District Court that each is unavailing.

---

[1] We previously affirmed the District Court's grant of summary judgment in favor of the University on Feng's state law claims.  *See Feng v. Univ. of Del.*, 785 F. App'x 53, 57 (3d Cir. 2019).

[2] The District Court had jurisdiction under 28 U.S.C. § 1331.  We have jurisdiction under 28 U.S.C. § 1291 and review the summary judgment order *de novo*, affirming only "if, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 256 (3d Cir. 2017) (internal quotation marks and citation omitted).

The District Court rejected that the credit policy is facially discriminatory, focusing not on the full course of study" requirement in immigration law, 8 U.S.C. § 1101(a)(15)(F)(i), but rather the University's own definition of full-time as nine credit hours. This definition applied to all full-time graduate students, including those seeking F-1 visas, and by its terms did not single out students of foreign origin for different treatment. Thus, Feng's facial-discrimination argument is "a nonstarter because nothing in the [policy] mentions [the protected trait]." *Bryan v. Gov't of V.I.*, 916 F.3d 242, 246–47 (3d Cir. 2019).

For the same reasons, the District Court concluded Feng had presented "no direct evidence of an intent to discriminate." A4. Federal law imposed the "full course of study," 8 U.S.C. § 1101(a)(15)(F)(i), requirement on Feng as a condition of his visa, and the University defined full-time the same way for all of its graduate students attending classes in person. Far from a "trail of direct evidence," *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 275 (3d Cir. 2014), then, the record reflects the University merely abiding by federal law and its own policies.

In the absence of direct evidence, the District Court analyzed whether Feng could establish a discrimination claim based on circumstantial evidence under the familiar *McDonnell Douglas* burden-shifting framework: If the plaintiff sets forth a *prima facie* case of national-origin discrimination, the burden shifts to the defendant to articulate "some legitimate, nondiscriminatory reason" for the adverse action; if defendant provides that reason, the burden shifts back to the plaintiff to show it is pretextual. *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (citation omitted).

3

We have acknowledged that "[a]lthough the *prima facie* elements of a discrimination claim vary depending on the particular facts of the case, the plaintiff must generally present evidence that raises an inference of discrimination." *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004) (internal quotation marks and citations omitted). Feng points to deposition testimony confirming that, as the only international student in his program, he alone was subject to the nine-credit requirement and that the 30 credits all students needed to complete the program was separate from the "full course of study," 8 U.S.C. § 1101(a)(15)(F)(i), needed for an F-1 visa. But that testimony only confirms that immigration law was the source of any additional credits requirement or different treatment and that, as the District Court concluded, Feng cannot make out a *prima facie* case of national-origin discrimination.

In sum, even viewing the evidence in the light most favorable to Feng, there are no genuine issues of material fact with respect to his discrimination claims, and the District Court properly granted summary judgment in favor of the University.

**B.** **Conclusion**

For the foregoing reasons, we will affirm the judgment of the District Court.

4